**CRAIG A. BURNETT, ESQ. ID. # 118907**
LAW OFFICES OF C. BURNETT
537 FOURTH STREET, SUITE A
SANTA ROSA, CALIFORNIA 95401
Telephone: (707) 523-3328
E-mail: cburnett@sonic.net

Attorney for Appellant/Defendant

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In Re:**<br><br>SHANNON FALK,<br><br>Debtor.<br><br>SHANNON FALK,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL T. FALK,<br><br>Defendants. | Case No. **CV 08-01109 VRW**<br><br>On Appeal from the United States Bankruptcy Court, Northern District of California, Santa Rosa Division<br><br>Bankruptcy Case No. 07-10865 (Chapter 11); [A.P. No.: 07-1080]<br><br>**APPELLANT/DEFENDANT MICHAEL T. FALK'S MOTION FOR AN ORDER ENLARGING TIME TO FILE APPELLANT'S OPENING BRIEF; [PROPOSED ORDER] [Fed.Bankr.L.Rules 9006]**<br><br>**HEARING INFORMATION**<br><br>**DATE:** **June 2, 2008**<br>**TIME:** **9:00 a.m.**<br>**DEPT:** **Courtroom 6, 17th Floor**<br>**450 Golden Gate Avenue**<br>**San Francisco, CA 94102** |

TO THE HONORABLE VAUGHN R. WALKER, UNITED STATES DISTRICT COURT JUDGE:

Michael T. Falk, Appellant/Defendant herein, by and through counsel, hereby moves the above-entitled Court for an Order Enlarging Time to file Appellant's Opening Brief and represents:

1.  This appeal arises from the granting of a motion for summary judgment by the Hon. Alan Jaroslovsky, against Appellant/Defendant Michael T. Falk in the above-entitled Adversary Proceeding.

2.  By order dated April 11, 2008, Appellant/Defendant Michael T. Falk was ordered to serve and file the Opening Brief on May 5, 2008, pursuant to U.S. Bankr. Rule 8007 and B.L.R. 8007-1. That order also required that Appellee/Plaintiff Shannon M. Falk to serve and file her Response Brief 20 days after service of Appellant's Brief, and authorized Appellant to serve and file his Reply Brief 10 days after service of Appellee's brief. The Appellee may serve and file a reply brief in response to appellant's brief relating to the issues in any cross appeal 10 days after service of Appellant's Reply Brief.

3.  Appellant's counsel, Craig A. Burnett, Esq. did **not** receive notice of the Briefing Order. As such, Appellant's Brief was not filed on May 5, 2008, as required by the Briefing Order. There is excusable neglect that warrants the granting of an extension of time to file Appellant's Brief, however. The Clerk's office erroneously mailed the Briefing Order to an address that attorney Burnett had vacated nearly 17 years ago:  1260 N. Dutton Avenue, Ste. 297, Santa Rosa, California 95401.  See **Exhibit 1** to this Motion.  The Clerk's office had attorney Burnett's correct mailing address (537 Fourth Street, Ste. A, Santa Rosa, CA 95401) which was placed on each of the following pleadings filed with this Appeal, but failed to mail the Briefing Order to the correct mailing address:

    a.    Notice of Appeal;

    b.    Notice of Designation of Record;

        c.     Statement of Election to Have Appeal Heard by U.S. District Court;

4.     On May 27, 2008, attorney Burnett first learned of the Briefing Order after receiving a motion brief filed by counsel for Appellee, David N. Chandler, Esq., for entry of judgment filed in the underlying Adversary Proceeding. The hearing in the Bankruptcy Court on Mr. Chandler's motion is scheduled for June 20, 2008. Attorney Burnett then retrieved a copy of the Briefing Order from this case using the electronic docketing system employed by the District Court (PACER).

5.     U.S. Bankr. Rule 9006(b)(1)[1] states:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) **on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.** (Emphasis Added)

In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.E.2d 74 (1993), the Supreme Court held that the determination of "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. *Id.* at 395, 113 S.Ct. 1489. Factors to be considered include, but are not limited to, the danger of prejudice to the adverse party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Ibid.* See *In re Warrick*, 278 B.R. 182, 185 (9th Cir. BAP (Ariz.) 2002), citing and adopting the *Pioneer* standard.

6.     Application of the *Pioneer* factors warrant the granting of this Motion:

---

[1] Pursuant to B.L.R. 9006-1, appellant/defendant, through his counsel, sought a stipulation to enlarge the time to file Appellant's Opening Brief from appellee/plaintiff, and was informed by her counsel that he does not object to this motion. See Burnett Declaration.

a. **Prejudice to the Adverse Party**: None can be envisioned under these circumstances.

b. **Length of Delay and Impact on Judicial Proceedings**: The length of the delay requested by Appellant is very minimal and should not adversely impact these judicial proceedings. This Motion was filed as soon as Appellant-Defendant first learned of the contents of the Briefing Order, and is sought with diligence. There have been no prior Motions or Stipulations for Enlargement of Time requested by Appellant-Defendant under Bankr. Rule 9006. The granting of this Motion will have minimal effect on the schedule for the case, in that the requested time for an enlargement is merely the original 30-day period granted pursuant to Bankr. Rule 8007, and the subsequent briefing schedule for Appellee's Brief, or the Reply Brief, complies with the time requirements of Bankr. Rule 8007, and the Briefing Order.

c. **Reason for Delay**: The reason for the delay constitutes "excusable neglect" under Bankr. Rule 9006(b)(1), in that the Clerk's office erroneously mailed notice of the Briefing Order to the wrong mailing address for Appellant's counsel, who, did not have actual or constructive notice of the contents of the Order. In fact, attorney Burnett relied on this Court's Notice of Filing Bankruptcy Appeal and Order Setting Status Conference filed on February 25, 2008 which scheduled a Status Conference for June 5, 2008. He understood that the date would be vacated upon the filing of the record on appeal, but did not know when that would occur, or that notice of it would be sent to him by mail to an address he had not occupied for almost seventeen years. Absent notice of the Briefing Order, attorney Burnett was unaware of the requirement to file Appellant's Opening Brief on May 5, 2008. Such circumstances clearly satisfy the Pioneer factors for the establishment of "excusable neglect" under Rule 9006(b)(1).

WHEREFORE, appellant/defendant Michael T. Falk prays for an Order Enlarging the Time to File Appellant's Opening Brief pursuant to U.S. Bankr. Rule 9006, B.L.R. 9006-1 so that said Appellant's Brief will be due 30 days after the date of the granting of this Motion, or such other time as this Court deems appropriate, and such other relief as is just.

Date: May 30, 2008                              CRAIG A. BURNETT, ESQ. ID. #118907

                                                              By: /S/ Craig A. Burnett
                                                                     Craig A. Burnett, Esq.
                                                                     Attorney for Appellant/Defendant

### **DECLARATION OF CRAIG A. BURNETT**

I, Craig A. Burnett, declare and say:

1.      I am the attorney of record herein for Appellant/Defendant MICHAEL T. FALK, herein in this appeal from the adversary proceeding now pending within the subject Chapter 11 base case.

2.      I first learned that I had not complied with this Court's deadline for filing appellant's brief when I read opposing counsel's motion for entry of final judgment on May 21, 2008. The hearing on that motion has been scheduled for June 20, 2008. At the time I read that motion, it did not occur to me that I had missed the deadline, nor did it occur to me even after reading it, since the crux of opposing counsel's (plaintiff's) motion for entry of final judgment was the allegation that the filing of the instant appeal was premature since a final judgment had not yet been entered. In that motion, plaintiff's counsel informed the bankruptcy court that I had missed a deadline, but that "judicial economy and potential prejudice suggest that Judgment should be entered so that the appeal may proceed before the District Court."

3.      It was not until May 27, 2008 that I discovered that this Court's Notice of Briefing, dated April 11, 2008, had been mailed to me to my former address and had been returned undeliverable, see

**Exhibit 1** attached hereto and incorporated herein by this reference. I have not been at that address since late 1991, almost **seventeen years** ago.

4. I did receive this Court's Notice of Filing of Bankruptcy Appeal and Order Setting Status Conference dated February 25, 2008, as that document was filed in the underlying Bankruptcy Case Adversary Proceeding. As an ECF filer, I routinely receive pleadings, orders, and other documents which have been filed electronically. I erroneously believed that matters before this Court would be filed on the Bankruptcy Court's ECF docket and that I could monitor these proceedings in that way.

5. This is a belief which I now regret. And to compound matters, on May 27, 2008, I discovered that this Court is also an ECF court when I looked at the docket on this case on PACER. Having several years experience with electronic filing, I realize now that I should have registered with this Court's ECF system well before now, and the problem I now face would never have arisen. Once I learned that I needed to become registered with this Court's ECF, I did so immediately. As of May 28, 2008 at 5:10 p.m., I am now a registered participant of this Court's electronic filing system. When I registered with this Court, I also discovered that the address this Court had for me was the very same address that the Notice of Briefing was mailed and returned undeliverable.

6. I have spoken with David Chandler, Esq., Plaintiff/Appellee's counsel, in an effort to reach a stipulation to enlarge the time for the briefing schedule in this case. In my conversation with Mr. Chandler today at 4:20 p.m., he informed me that he does not object to this motion. Obviously I cannot speak for Mr. Chandler, but it appears to me that he anticipates this appeal going forward since he filed a motion in the underlying adversary proceeding for entry of judgment, thereby triggering a new time for this appeal.

7. In the event that Judge Jaroslovsky agrees with Mr. Chandler that the filing of this appeal was premature, then upon entry of the final judgment that Mr. Chandler seeks, I could re-file this appeal.

It is not my desire to file duplicative pleadings or to waste this Court's time, and I sincerely regret that I did not register earlier with this Court's electronic filing system. However, I do not believe that any prejudice has been occasioned upon any party, nor do I believe that the length of delay caused by my inaction will have any discernable impact on these proceedings. Finally, I have made no previous request for any modification of time in this case. BLR 9006-1(c).

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30TH day of May, 2008, at Santa Rosa, California.


                                          /s/ Craig A. Burnett_____
                                          Craig A. Burnett, Attorney for Appellant
                                          California Bar No. 118907

### [PROPOSED] <u>ORDER</u>

IT IS SO ORDERED. The Motion for an Order Enlarging the Time to File Appellant's Opening Brief pursuant to U.S. Bankr. Rule 9006, B.L.R. 9006-1 is GRANTED, so that said Appellant's Brief is now due 30 days after the date of the granting of this Motion: July __, 2008. Appellee Shannon M. Falk shall serve and file her Response Brief 20 days after service of Appellant's Brief. Appellant to serve and file his Reply Brief 10 days after service of Appellee's brief. The Appellee may serve and file a reply brief in response to appellant's brief relating to the issues in any cross appeal 10 days after service of Appellant's Reply Brief.

DATED: June __, 2008

                                          _____
                                          Hon. Vaughn R. Walker
                                          United States District Judge

UNITED STATES DISTRICT COURT
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

www.cand.uscourts.gov

Richard W. Wieking
Clerk

General Court Number
415.522.2000

April 11, 2008

TO COUNSEL OF RECORD:

CIVIL NUMBER: **CV 08-01109 VRW**

CASE TITLE: **SHANNON FALK -v- MICHAEL T FALK**

BANKRUPTCY NUMBER: **07-10865**

## NOTICE OF BRIEFING

The Record on Appeal in the above matter was entered in the docket of this Court on 4/11/08. Pursuant to U.S. Bankruptcy Rule 8007 and B.L.R. 8007-1, the appellant shall serve and file a brief on 5/5/08 (30 days after entry in the District Court docket).

The appellee shall serve and file a brief 20 days after service of appellant's brief.

The appellant may serve and file a reply brief 10 days after service of appellee's brief.

The appellee may serve and file a reply brief in response to appellant's brief relating to the issues in any cross-appeal 10 days after service of appellant's reply brief.

The Bankruptcy Status Conference date is hereby **VACATED**.

Pursuant to Civil L.R. 16-4, upon the conclusion of this briefing schedule, this matter will be deemed submitted for decision without oral argument, unless the court orders otherwise.

RICHARD W. WIEKING, Clerk

by: Simone Voltz
Case Systems Administrator

**EXHIBIT 1**

FILED APR 17 2008 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

OFFICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA 94102

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

9410203489

Craig A. Everett
260 N. Dutton Ave., Ste 297
Santa Rosa, CA 95401

NIXIE       949   50  1         50  05/05/08
         RETURN TO SENDER
         NOT DELIVERABLE AS ADDRESSED
         UNABLE TO FORWARD

BC: 94102346999          *2705-02075-08-23*



US POSTAGE
$ 00.80°
MAILED FROM ZIPCODE 94102

**EXHIBIT** ____(____