```
David N. Chandler, Sr.   SBN 60780
David N. Chandler, Jr.   SBN 235427
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA  95404
Telephone: (707) 528-4331

Attorney for Appellee
Shannon Falk
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>SHANNON M. FALK,<br><br>    Debtor.<br><br>SHANNON FALK,<br><br>    Plaintiff/Appellee,<br><br>v.<br><br>MICHAEL FALK,<br><br>    Defendant/Appellant. | No. **CV 08-01109 VRW**<br>on appeal from U.S. Bankruptcy<br>  Court<br><br>BK No. 07-10865<br><br>Chapter 11<br><br>A.P. No. 07-1080<br><br><br>MOTION TO AUGMENT RECORD<br>ON APPEAL; DECLARATION OF<br>DAVID N. CHANDLER; MEMORANDUM<br>OF POINTS AND AUTHORITIES |

    Shannon Falk, Appellee, by and through counsel hereby moves the above entitled Court for an Order Augmenting the Record designated on appeal.

    Said Motion is made and based on the grounds that the Answer filed in the U.S. Bankruptcy Court by the Appellant was not designated a part of the record on appeal as it was not relevant to the Motion for Summary Judgment or Opposition considered by the Bankruptcy Court or the issue designated by the Appellant. The Appellant raises matters for the first time on appeal which were

Law Offices
of
**David N. Chandler, p.c.**
1747 Fourth Street
Santa Rosa, CA 95404
(707) 528-4331

MOTION TO AUGMENT RECORD ON APPEAL;
DECLARATION OF DAVID N. CHANDLER;
MEMORANDUM OF P&As               1

1  waived by the filing of said Answer.  The Answer is pertinent to the
2  matters raised for the first time before this Court.
3      Said Motion is made and based on the within Motion, the appended
4  Declaration of David N. Chandler, the Memorandum of Points and
5  Authorities and the record designated and filed herein.
6  Dated:   7/16/08                    DAVID N. CHANDLER, p.c.
7
8                                      By: /s/ David N. Chandler
                                        DAVID N. CHANDLER,
9                                       Attorney for Appellee
10             DECLARATION OF DAVID N. CHANDLER
11     I, David N. Chandler, declare and say:
12     1.   That if called as a witness, I am competent to testify to
13  the within matters from my own knowledge.
14     2.   I am the attorney for the Appellee in the Adversary
15  Proceeding in which the Judgment was entered from which Appellant
16  appeals.
17     3.   I have read the Appellant's Opening Brief.  Appellant
18  raises for the first time on appeal that the Property Agreement was
19  entered into as a result of undue influence, duress and/or breach of
20  fiduciary duty.
21     4.   The affirmative defenses were not plead in the Answer and
22  were not presented or argued in the opposition to the Motion for
23  Summary Judgment or in the Counter Motion for Summary Judgment.
24     5.   The Answer sets forth seven (7) separate affirmative
25  defenses.  None plead are based upon undue influence, duress, fraud
26  or breach of fiduciary duty.  Appellee argues that such defenses are
27  waived by failure to plead.
28     6.   Appellee had no basis to designate the Answer as part of

Law Offices
of
**David N. Chandler, p.c.**
1747 Fourth Street
Santa Rosa, CA 95404
(707) 528-4331

MOTION TO AUGMENT RECORD ON APPEAL;
DECLARATION OF DAVID N. CHANDLER;
MEMORANDUM OF P&As                    2

the record on appeal, but now requests leave to augment the record based upon the arguments contained for the first time in the Opening Brief.

7.  A true and correct copy of the Answer filed in the case below is attached hereto as Exhibit A.

Executed under penalty of perjury this 16th day of July, 2008 at Santa Rosa, California.

          /s/David N. Chandler
          David N. Chandler

MEMORANDUM OF POINTS AND AUTHORITIES

Appellee submits the following Memorandum of Points and Authorities in support of the within Motion:

1.  This Court may authorize augmentation of the record on appeal.  FRAP Rule 10(e)(2).

2.  It is within the discretion of this Court to consider matters raised for the first time on appeal.  Appellate courts have discretion to consider issues initially raised on appeal.  In re Wind Power Systems, Inc., 841 F.2d 288, 290 n.1 (9th Cir. 1988).

3.  Review of the Answer filed in the Bankruptcy Court is a factor in the exercise of discretion to consider the issue for the first time on appeal or whether such an issue exists.  Appellee contends in the appeal that affirmative defenses are required to be pled and a failure to plead constitutes a waiver.  The affirmative defenses which the Appellant contends were not considered were not raised by the Answer or at any other time in the Bankruptcy Court.

WHEREFORE, it is respectfully submitted that this Court authorize augmentation of the record on appeal to include the Answer filed by the Appellant, and for such other and further relief as the

Law Offices
of
**David N. Chandler, p.c.**
1747 Fourth Street
Santa Rosa, CA 95404
(707) 528-4331

MOTION TO AUGMENT RECORD ON APPEAL;
DECLARATION OF DAVID N. CHANDLER;
MEMORANDUM OF P&As                     3

1  Court deems just and proper.

2  Dated:    7/16/08                    DAVID N. CHANDLER, p.c.

3

4                                       By: */s/ David N. Chandler*
                                        DAVID N. CHANDLER,
5                                       Attorney for Appellee

Law Offices
of
**David N. Chandler, p.c.**
1747 Fourth Street
Santa Rosa, CA 95404
(707) 528-4331

MOTION TO AUGMENT RECORD ON APPEAL;
DECLARATION OF DAVID N. CHANDLER;
MEMORANDUM OF P&As                      4

1  CRAIG A. BURNETT, ESQ. ID. #118907
   LAW OFFICES OF C. BURNETT
2  537 FOURTH STREET, SUITE A
   SANTA ROSA, CALIFORNIA 95401
3  Telephone: (707) 523-3328
   Email: burnett@sonic.net
4
   Attorney for Defendant
5
                    UNITED STATES BANKRUPTCY COURT
6
                    NORTHERN DISTRICT OF CALIFORNIA
7

8  In Re:                          )   Case No. 07-10865
                                   )   Chapter   11
9  SHANNON FALK,                   )
                                   )   A.P. No.  07-1080
10                                 )
                    Debtor.        )
11                                 )
   _____)
12 SHANNON FALK,                   )
                                   )   ANSWER TO COMPLAINT FOR DECLARATORY
13               Plaintiff,        )   RELIEF, TURNOVER OF PROPERTY OF THE
   vs.                             )   ESTATE, INJUNCTIVE RELIEF; PROOF OF
14                                 )   SERVICE BY MAIL
   MICHAEL FALK,                   )
15                                 )
                    Defendant.     )
16 _____)

17         MICHAEL T. FALK, defendant herein, by and through Craig A. Burnett, Esq., his attorney of record

18 in this action, answer the complaint of SHANNON FALK (hereinafter "Plaintiff"), as follows:

19         1. Defendant admits the allegations contained in Paragraph one of said complaint.

20         2. Defendant admits the allegations contained in Paragraph two of said complaint.

21         3. Defendant admits the allegations contained in Paragraph three of said complaint insofar as the

22 Michael T. and Shannon M. Falk Marital Trust was established, the exact date of which is unknown to

23 defendant at this time. Except as so expressly admitted, defendant denies the remaining allegations

24 contained in said paragraph based on lack of information and/or belief.

25         4. Defendant admits the allegations contained in Paragraph four of said complaint insofar as a

26 transfer of the New York Limited Partnerships interest was made for estate planning purposes only, and for

27 no other reason. Except as so expressly admitted, defendant denies the remaining allegations contained in

28 said paragraph based on lack of information and/or belief.

5. Defendant admits the allegations contained in Paragraph five of said complaint.

6. Defendant admits the allegations contained in Paragraph six of said complaint.

7. Defendant denies each and every allegation contained in Paragraph seven of said complaint.

8. Defendant denies each and every allegation contained in Paragraph eight of said complaint.

9. Defendant admits the allegations contained in Paragraph nine of said complaint.

10. As to Paragraph ten of said complaint, defendant admits that a portion of the distributions from the New York Limited Partnerships interest were used to pay community debts and obligations. Except as so expressly admitted, defendant denies the remaining allegations contained in said paragraph based on lack of information and/or belief.

11. Defendant denies the allegations contained in Paragraph 11 of said complaint insofar as the New York Partnership interests are the sole and separate property of defendant, and therefore no such determination to the contrary is required.

12. Defendant denies each and every allegation contained in Paragraph twelve of said complaint.

13. Defendant denies each and every allegation contained in Paragraph thirteen of said complaint.

14. Defendant denies each and every allegation contained in Paragraph fourteen of said complaint.

15. Defendant denies each and every allegation contained in Paragraph fifteen of said complaint.

16. Defendant denies each and every allegation contained in Paragraph sixteen of said complaint.

## AFFIRMATIVE DEFENSES

17. The complaint fails to state a cause of action upon which relief can be granted.

18. The complaint fails to satisfy the statutory requirements for transmutation under California Family Code Section 852 or any other subsection of Sections 850 through 853.

19. The New York Partnership agreements require the performance of specific conditions to effect a transfer of the interests, which if not met, make any purported transfer void on its face. These conditions were not met pursuant to the terms of the partnership agreements.

20. Other than transfer the New York Partnership interests into the marital trust for estate planning

purposes, no further statement, act or writing was made to change the ownership of said asset. Said asset was always referred to in all writings, including but not limited to all income tax returns, K-1 Schedules, and all other documents reflecting ownership of said interests, both before and after June 2, 2004, as the sole and separate property of defendant. Even plaintiff's Exhibits A and B make express reference to the fact that any separate property transferred into the marital trust retain its character as such after its transfer or withdrawal, see plaintiff's Exhibit A, paragraph 3. Plaintiff's Exhibit B specifically states that "any property, or interest in property, owned by either [party] before [the] marriage or acquired by either [party] at any time by gift or inheritance and that is registered or otherwise held in either . . . name alone or that is designated as separate property under [the] Trust is the separate property of that spouse."

21. Plaintiff is barred by the doctrine of estoppel from the recovery she seeks in said complaint.

22. Plaintiff has waived her right to any recovery she seeks in said complaint.

23. Plaintiff's position in this complaint is not substantially justified, and the defendant is entitled to the costs of, and a reasonable attorney's fee for this proceeding.

WHEREFORE, Defendant requests:

1. That said complaint be dismissed;

2. That plaintiff take nothing by complaint;

3. That Defendants be awarded reasonable attorney's fees and costs incurred herein; and

4. For such other and further relief as the Court deems just.

Dated: 11/13/07                              /S/ Craig A. Burnett
                                             Craig A. Burnett, Esq., Attorney for Defendant
                                             Calif. State Bar No. 118907

# PROOF OF SERVICE BY MAIL

I declare that: I am employed in the County of Sonoma. I am over the age of eighteen years and not a party to the within action; my business address is 537 Fourth Street, Suite A, Santa Rosa, California 95401.

On **November 13, 2007,** I served the within:

## ANSWER TO COMPLAINT

in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Santa Rosa, California, addressed as follows:

| | |
|---|---|
| David N. Chandler, Esq. | U.S. Trustee |
| 1747 Fourth Street | 235 Pine Street, Suite 700 |
| Santa Rosa, CA 95404 | San Francisco, CA 94104 |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **November 13, 2007,** at Santa Rosa, California.

/S/ Kateri T. Turner
Kateri T. Turner