```
David N. Chandler, Sr.    SBN 60780
David N. Chandler, Jr.    SBN 235427
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, California 95404
(707) 528-4331

Attorney for Appellee
Shannon Falk
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | No. **CV 08-01109 VRW** |
| SHANNON M. FALK, | BK No. 07-10865 |
|     Debtor. | Chapter 11 |
| SHANNON FALK, | A.P. No. 07-1080 |
|     Plaintiff/Appellee, | |
| v. | |
| MICHAEL FALK, | |
|     Defendant/Appellant. | <u>APPELLEE'S BRIEF</u> |

on Appeal From
The United States Bankruptcy Court
Northern District of California

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . .  ii

I.   APPELLATE JURISDICTION . . . . . . . . . . .   1

II.  STANDARD OF REVIEW . . . . . . . . . . . . .   1

III. STATEMENT OF ISSUES ON APPEAL. . . . . . . .   2

IV.  FACTUAL AND PROCEDURAL BACKGROUND . . . . . .  2

V.   DISCUSSION . . . . . . . . . . . . . . . . .   3

VI.  CONCLUSION. . . . . . . . . . . . . . . . .    8

# TABLE OF AUTHORITIES

**CASE LAW AND AUTHORITIES**

Diamant v. Kasparian,
    165 F.3d 1243 (9th Cir. 1999) . . . . . . . . . . 1

Ford v. Baroff,
    105 F.3d 439 (9th Cir., 1997). . . . . . . . . . . 1

In re Hansen,
    368 B.R. 868 (9th Cir. BAP 2007) . . . . . . . . . 7

In re Martin,
    156 B.R. 47 (9th Cir. BAP 1993). . . . . . . . . . 7

Estate of McDonald,
    (1990) 52 C.3d 262 . . . . . . . . . . . . . . . . 4

In re Roberts,
    331 B.R. 876 (9th Cir. BAP 2005) . . . . . . . . . 7

Marriage of Starkman,
    (2005) 129 C.A.4th 659. . . . . . . . . . . . . 4, 5

In re Wind Power Systems, Inc.,
    841 F.2d 288 (9th Cir. 1988) . . . . . . . . . . . 7


**STATUTES**

28 U.S.C. Section 158. . . . . . . . . . . . . . . . . . 1

Chapter 11 of Title 11 U.S.C. . . . . . . . . . . . . . 2

Section 852(a) of the Family Code . . . . . . . . . . . 3


**RULES**

FRCP Rule 8(c) . . . . . . . . . . . . . . . . . . . . . 6

FRCP Rule 9(b) . . . . . . . . . . . . . . . . . . . . . 7

FRCP Rule 12 . . . . . . . . . . . . . . . . . . . . . . 7

FRCP Rule 56 . . . . . . . . . . . . . . . . . . . . . . 1

**I.**

**APPELLATE JURISDICTION**

The United States District Court has jurisdiction to hear bankruptcy appeals from "final judgments, orders and decrees" pursuant to 28 U.S.C. Section 158(a)(1).

**II.**

**STANDARD OF REVIEW**

The standard of review by a District Court of a bankruptcy court's decision is identical to the standard applicable to review by a Circuit Court of a decision of a District Court. Ford v. Baroff, 105 F.3d 439 (9th Cir., 1997). The District Court reviews the factual findings of a Bankruptcy Court for clear error and its conclusions of law de novo. See, Diamant v. Kasparian, 165 F.3d 1243, 1245 (9th Cir. 1999).

The "facts" found by the Bankruptcy Court were embodied in the Property Agreement as extrinsic evidence was excluded from consideration other than the fact of execution by the parties. The "facts" were not contested or controverted as the matter was decided on the basis of a Motion made pursuant to FRCP Rule 56. The meaning of the three documents upon which the Motion and the Judgment is based are findings of fact and are reviewed for clear error.

Conclusions of law as to the effect of the meaning ascribed to the words of the agreement is reviewed de novo.

## III.

## STATEMENT OF ISSUES ON APPEAL

The sole issue on appeal is whether the Property Agreement which was admittedly executed and delivered by the Appellee and Appellant operated to transmute the property described therein to community property and thereby property of the estate.

## IV.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellee filed a Petition for Relief pursuant to Chapter 11 of Title 11 U.S.C. on July 20, 2007 to prevent foreclosure on marital property which was the subject of a pending marital dissolution proceeding.

During the course of the marriage to one another, Appellee and Appellant entered into three separate agreements in connection with planning their financial lives.  One of the agreements was Property Agreement which unequivocally provided that specified property, theretofore separate in character, would be transmuted to community property [E.R. 2].  Appellant vehemently contested the effect of the Property Agreement when he decided to end the relationship and purported to unilaterally revoke the Marital Trust and thereby revest himself with property, formerly separate, but transmuted to community [E.R. 4].  Appellee commenced an Adversary Proceeding on October 10, 2007 in an effort to obtain some immediate relief relating to pending foreclosure and

pending relief from stay motions.  The Complaint sought characterization of certain described partnership interests as property of the estate and turnover. Discovery was taken in the case.  Appellee filed her Motion for Summary Judgment on November 21, 2007 [E.R. 2].  The matter came on for hearing before the United States Bankruptcy Court on January 11, 2008 and was decided by written Memorandum of Decision filed January 22, 2008 [E.R. 6].  The Appellee's Motion was granted and the Appellant's counter Motion was denied [E.R. 7].

The Appellant filed his Notice of Appeal on February 11, 2008 following entry of the Order Granting Motion for Summary Judgment [E.R. 9].  The Judgment [E.R. 10] was entered June 23, 2008.

## V.

## DISCUSSION

**The Property Agreement unequivocally provides that the property described therein is transmuted to community property.**

Section 852(a) of the Family Code provides that a transmutation of real or personal property is invalid unless made in writing by an express declaration that is made, join in, consented to, or accepted by the spouse whose interest in the property is adversely affected. The California Supreme Court has held that an "express declaration" requires language that the characterization of ownership of property is being changed.

3

The Property Agreement specifically provides: (1) that all property owned by the parties as of June 2, 2004, title to which is (i) held in both names or joint tenancy, or (ii) titled in the Michael T. and Shannon M. Falk Marital Trust, unless specifically designated as the separate property of either of the parties) is community property; and (2) the parties agree to change the character of any such property to community property.

Contemporaneous with the execution of the Property Agreement and Amended Trust instrument, Appellant executed an assignment of interest of the New York Limited Partnership interests to the Marital Trust.

There is no property titled to the Trust which is designated as separate property. The property titled to the Trust is specifically designated in Exhibit A as "Community Property".

The standard established by the California Supreme Court in <u>Estate of McDonald</u>, (1990) 52 C.3d 262 is precisely the terms of the last sentence of paragraph 1 of the Property Agreement, i.e., words evidencing intent to "change" the "character" of the property.

In re <u>Marriage of Starkman</u>, (2005) 129 C.A.4th 659, also relied upon by Appellant is factually different from the within case. In <u>Starkman</u>, supra., the husband transferred separate property to a trust without stating that the property is separate. The trust provided that property transferred and not identified as separate would be community. The Court of Appeal held that the trust

did not contain an express declaration of intent to change the character of the property. Unlike <u>Starkman</u>, the Property Agreement does, in fact, contain such an express statement of intent to change ownership and the Bankruptcy Court so found.

**Reliance on the retention of character language of the Trust is misplaced.**

The transfer or withdrawal of property transferred to the Trust retains its character after the transfer or withdrawal. The Property Agreement specifically provides that the character of property titled to the Trust will be changed to community. The New York Partnership interests having been transferred to the Trust were transmuted to community property retain their community character even upon withdrawal or termination of the Trust.

**The Property Agreement does not contain conflicting provisions.**

The 2nd paragraph of the Property Agreement provides that notwithstanding the 1st paragraph, property titled to the Trust and held in either of the parties names alone or designated as separate property in the Trust is not subject to the transmutation provisions of the 1st paragraph.

The Appellant transferred title of the New York Partnership interests to the Trust and designated same as "Community Property" in the express terms of the Trust. The New York Partnership interests, regardless of the

original character, were characterized as community property, transferred to the Trust and retained the community character.

**The transmutation intended by the Property Agreement was not conditioned upon the death of either of the parties.**

The proposition that the Property Agreement was only effective upon death and not effective upon dissolution of the marriage is not supported by the language of the 3rd paragraph of the Property Agreement. The paragraph does not limit the effect of the transmutation of the property to the event of death. The last sentence of paragraph 1 is clear that a present intent to "change" the character of property to community.

Any determination of character on death of either party was to be determined by the terms of the agreement. The change in character was in the present not the future. Appellant's reading of the paragraph is disingenuous.

**Undue influence and breach of fiduciary duty are affirmative defenses not plead and not raised by the Appellant prior to the appeal.**

Despite having plead seven (7) separate affirmative defenses, Appellant did not plead the two which he now asserts on appeal.

FRCP Rule 8(c) requires that duress and undue influence be set forth in the responsive pleadings as affirmative defenses. Every affirmative defense except

6

those which specifically may be asserted by motion under FRCP Rule 12 must be affirmatively plead in the response. Fraud and mistake must be plead with particularity. FRCP Rule 9(b).

Failure to plead an affirmative defense, waives the defense. In re Hansen, 368 B.R. 868 (9th Cir. BAP 2007).

Not only were the affirmative defenses not plead, the affirmative defenses were not raised in opposition to the Motion for Summary Judgment [E.R. 4, 8]. Surprise should not result from the fact that the Appellant was not provided an opportunity to litigate such defenses. The issues raised by the Appellant relating to undue influence and breach of fiduciary duty are being raised for the first time on appeal. An issue may not be raised for the initial time on appeal. Appellate courts normally decline to consider issues raised for the first time on appeal. In re Roberts, 331 B.R. 876 (9th Cir. BAP 2005). Appellant courts have discretion to consider issues initially raised on appeal. In re Wind Power Systems, Inc., 841 F.2d 288, 290 n.1 (9th Cir. 1988). Issues not raised and argued before the Bankruptcy Court are most times not considered on appeal as evidence was not taken and the issue not ruled upon. In re Martin, 156 B.R. 47 (9th Cir. BAP 1993).

Appellant waived the affirmative defenses by failing to plead them in his responsive pleading [E.R. 1]. Appellant failed to argue or submit in opposition to the Appellee's Motion for Summary Judgment (or, even in

7

support of the Counter Motion) any fact from which such defenses could even be inferred. Appellant's failure to even consider the affirmative defenses until this point in the case is indicative of the weight of the evidence that could be expected had the defenses been timely asserted and not waived.

## VI.

## CONCLUSION

The Appellant and Appellee executed the Property Agreement, the Amendment to the Marital Trust, and the transfer document. These facts were not controverted by the Appellant.

The determination that the Property Agreement operated to "change" the character of the categories of property described is supported by Exhibit A to the Trust which designates the subject property as "Community Property Transferred to the Trust". As the Bankruptcy Court correctly held, the transfer to the Trust did not operate to change the character. The Property Agreement contains an express declaration of the intent to change the character of the property.

Appellant's attempt to mischaracterize the language of the Property Agreement is painfully obvious. The document contains an express declaration of intent. It was entered into contemporaneous with the Trust and the Assignment which documents are consistent and reiterate the expressed intent.

8

1 | It is respectfully submitted that the Judgment of the
2 | United States Bankruptcy Court be affirmed.
3 | Dated:   7/28/08                    Respectfully submitted,
4 |                                     DAVID N. CHANDLER, p.c.
5 |
6 |                                     By: */s/ David N. Chandler*
7 |                                     DAVID N. CHANDLER,
                                        Attorney for Appellee