1  CRAIG A. BURNETT, ESQ. ID. #118907
   LAW OFFICES OF C. BURNETT
2  537 FOURTH STREET, SUITE A
   SANTA ROSA, CALIFORNIA 95401
3  Telephone: (707) 523-3328
   Fax: (707) 523-3082
4  Email: cburnett@sonic.net

5  Attorney for Appellant

6              UNITED STATES DISTRICT COURT

7              NORTHERN DISTRICT OF CALIFORNIA

8

9  IN RE:                          )   Case No.  C 08-1109 VRW
                                   )
10 SHANNON M. FALK,                )   APPELLANT'S REPLY BRIEF
                                   )
11         Debtor.                 )
                                   )
12 _____ )
                                   )
13 SHANNON M. FALK                 )
                                   )
14         Plaintiff,              )
                                   )
15 vs.                             )
                                   )
16 MICHAEL T. FALK                 )
                                   )
17         Defendant.              )
   _____ )
18                                 )
                                   )
19 MICHAEL T. FALK,                )
                                   )
20         Appellant,              )
                                   )
21 vs.                             )
                                   )
22 SHANNON M. FALK,                )
                                   )
23         Appellee.               )
   _____ )
24

25

26

27

28

*APPELLANT'S REPLY BRIEF*

**TABLE OF CONTENTS**

**Page**

I.  FACTS................................................................................................................................  1

II. ARGUMENT......................................................................................................................  1

    A.  The Property Agreement does not "unequivocally" provide that the property described therein is transmuted to community property................................................................................................  1

**I. FACTS**

Appellee states that the parties entered into "three separate agreements in connection with planning their financial lives." While this is true, the specific purpose of the agreements were for estate planning. As stated by Appellant, "[i]n 2001, and for estate and estate tax planning, SHANNON and I met with Estate and Tax Attorney, Robert Disharoon, of the Anderson, Ziegler firm, in Santa Rosa, California, and signed our initial Marital Trust Agreement." See Docket #10, p. 2, ll. 9-12. Appellant went on to state that "[i]n May 2004, I was in a severe bicycle accident, in which I broke my pelvis and back and injured my right shoulder. I was hospitalized at Palm Drive Hospital in Sebastopol for approximately 4-5 days and my recuperation was approximately 4-6 weeks. Indeed, I was still using a walker to assist me when I signed the Amended Marital Trust Agreement in June 2004 at attorney Disharoon's offices. It was this accident which prompted SHANNON and me to contact attorney Disharoon to amend our Marital Trust Agreement and transfer our community and separate property into the Trust." *Id.* at p. 2, ll. 26-27 and p.3, ll. 1-5.

**II. ARGUMENT**

**1. The Property Agreement does not "unequivocally" provide that the property described therein is transmuted to community property.**

Appellee contends that the last sentence of the property agreement evidences the intent to change the character of the property. See Appellee's Brief at p. 4, ll. 17-21. This sentence states that "[i]t is the purpose of this Agreement and our intent that, *upon the death of either of us*, the character of the above-described property shall be determined by this agreement." See Docket #10, Exh. A. The death of a party is clearly a condition precedent to the agreement taking effect. The sentence is not an express declaration by the parties that the character of the property was to be changed when the agreement was signed.

Date: 8 August 2008

/S/ Craig A. Burnett
Craig A. Burnett
Attorney for Appellant

*APPELLANT'S REPLY BRIEF*

-1-