United States District Court
For the Northern District of California

1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   SHANNON M FALK,                        # C 08-1109  VRW

9                                          ORDER

10           Appellee,

11           v

12

13  MICHAEL T FALK,

14           Appellant.

15  _____/

16

17          This case arises from a petition for relief filed in

18  bankruptcy court by appellee Shannon Falk on July 20, 2007 pursuant

19  to Chapter 11 of Title 11 of the United States Code.  Doc #11 at 2.

20  The petition sought declaratory relief to prevent foreclosure on

21  marital property which was the subject of a pending marital

22  dissolution proceeding.  Id.  Appellee filed a motion for summary

23  judgment in which she asserted that certain partnership interests

24  were transmuted in character from separate property into community

25  property.  Doc #11 at 3.  Appellant Michael Falk filed a cross

26  motion for summary judgment seeking a determination that the

27  partnership interests were not community property.  Doc #9 at 1.

28  The United States Bankruptcy Court granted appellee's motion and

denied appellant's cross motion, holding that the partnership
interests were transmuted into community property.  Doc #12, ER 10
at 1.  Appellant filed a timely notice of appeal in this court.
Doc #8.

I

Appellant and appellee were married on September 9, 1989.
Doc #9 at 2.  On June 2, 2004, they executed three separate marital
documents: an amendment to the Michael T and Shannon M Falk Marital
Trust (the "amendment"), the Property Agreement (the "agreement"),
and the Assignment of Interest in Limited Partnerships (the
"assignment").  Id.  On January 1, 2006, appellee filed for a legal
separation in the Sonoma County superior court which was later
amended to a dissolution of marriage.  Id.

Within the Chapter 11 bankruptcy proceedings that began
in 2007, appellee argued that the 2004 marital documents had
transmuted the partnership interests from appellant's separate
property to the community property of the parties.  Doc #9 at 2-3.
The disputed interests are a 1.5% limited partnership interest in
110 West 40, LLC and a 3% limited partnership interest in Ten West
Thirty-Third Joint Venture.  Id at 1.

The bankruptcy judge agreed with appellant that extrinsic
evidence should be excluded and that the purported transmutation of
the partnership interests into community property should be
determined by the marital documents alone.  Doc #12, ER 6 at 1.
Looking to the agreement, the judge found an express declaration of
transmutation and on this basis granted appellee's motion for
summary judgment.  Id at 2.

United States District Court
For the Northern District of California

1    Appellant argues that the bankruptcy judge erred in
2    finding that the partnership interests were transmuted into
3    community property.  Doc #9 at 5.  In addition to disputing the
4    bankruptcy judge's interpretation of the agreement, appellant
5    contends that even if there was a transmutation, he should have the
6    opportunity to assert a defense of undue influence.  Id at 6.

7

8                              II

9    As a preliminary matter, appellee filed a motion to
10   augment the record in response to appellant's argument ⸺ made for
11   the first time on appeal (Doc #9 at 6) ⸺ that his wife had
12   subjected him to undue influence.  Doc #10.

13   Specifically, appellee moves to include in the record
14   appellant's answer to the complaint for declaratory relief in the
15   bankruptcy court.  Doc #10 at 1.  Appellee argues that appellant's
16   answer was not initially designated as part of the record because
17   it was not relevant to the summary judgment proceedings in the
18   bankruptcy court.  Id.

19   Federal Rule of Appellate Procedure 10 governs the
20   introduction of evidence in appellate proceedings.  FRAP 10(e)(2)
21   expressly allows for correction or modification of the record,
22   stating that "[i]f anything material to either party is omitted
23   from or misstated in the record by error or accident, the omission
24   or misstatement may be corrected and a supplemental record may be
25   certified and forwarded."

26   It is within the court's discretion to consider matters
27   raised for the first time on appeal.  In re Wind Power Systems,
28   Inc, 841 F2d 288, 290 n1 (9th Cir 1988).  Appellee seeks to augment

the record with appellant's bankruptcy court pleading to establish that the undue influence argument is, in fact, a newly-raised issue on appeal.  Appellant does not oppose the motion.  Accordingly, the motion to augment the record is GRANTED.

III

This appeal presents two issues: (1) whether the bankruptcy court erred in finding that the partnership interests were transmuted in character into community property and (2) whether appellant may avail himself of a presumption under California law under which a spouse may be presumed to exert undue influence in connection with transactions.

A

Marital property in California is governed by California Family Code section 760 which provides, "[e]xcept as otherwise provided by statute, all property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property."  California law governs the determination whether marital property is community property or separate property.

California Family Code section 852(a) governs transmutations of property: "A transmutation of real or personal property is not valid unless made in writing by an express declaration that is made, joined in, consented to, or accepted by the spouse whose interest in the property is adversely affected."

The seminal case interpreting section 852(a) (formerly California Civil Code § 5110.730) is In re Estate of MacDonald, 51

4

United States District Court
For the Northern District of California

Cal 3d 262 (1990), under which an "express declaration" must contain language that expressly states that the characterization or ownership of the property is being changed.  Id at 264.  Also, the court construed section 852(a) to preclude reference to extrinsic evidence in the proof of transmutations.  Id.

The interpretation of a contract without reference to extrinsic evidence is a question of law.  <u>Kassbaum v Steppenwolf Productions, Inc</u>, 236 F3d 487, 490 (9th Cir 2000).  A reviewing court reviews a bankruptcy court's decisions on questions of law de novo.  See <u>Diamant v Kasparian</u>, 165 F3d 1243, 1245 (9th Cir 1999).  Because the finding of a transmutation here was based on the marital documents alone, this court will review the bankruptcy court's determination de novo.

                                    B

In this case, the bankruptcy court found that the agreement transmuted appellant's separate property interests in the partnerships to community property.  Doc #12, ER 6 at 2.  Specifically, the bankruptcy judge identified paragraph one of the agreement as the instrument effecting the transmutation.  Doc #12, ER 6 at 2.  That paragraph provided:

> Except as otherwise provided in this Agreement, we declare that all property owned by us on the date of this Agreement, or hereafter acquired by us, title to which is held (i) in both our names, including property held in joint tenancy form, or (ii) titled in the MICHAEL T AND SHANNON M FALK MARITAL TRUST dated December 1, 2001, (unless specifically designated as the separate property of either of us), is our community property.  We hereby agree to change the character of any such joint property to community property if it is not already titled as community property.

**United States District Court**
For the Northern District of California

Id at 2.  The bankruptcy judge pointed to "we hereby agree to change the character" as the express declaration of an intent to transmute property.  Id.

On the same day that the agreement was executed, appellant and appellee also executed the amendment and the assignment, which transferred the partnership interests to the marital trust.  Exhibit A to the amendment, entitled COMMUNITY PROPERTY TRANSFERRED TO THE TRUST, listed the partnerships among the transferred properties.  Doc #12, ER 2 at 30.  Nowhere among these documents were the partnership interests listed as separate property.  The bankruptcy judge found that these three documents read together satisfied section 852(a)'s requirements for transmutation.  Doc #12, ER 6 at 2.

Appellant contends that there was no express declaration that he intended to transmute his separate property to community property.  Appellant points to a section of the amendment under the heading "Character of Trust Property."  Doc #9 at 2 (citing Doc #12, ER 2 at 9).  This section provides that "[a]ny property transferred to or withdrawn from the trust shall retain its character as community property or separate property after its transfer or withdrawal."  Id.  Appellant argues that this language belies any intention to transmute his separate property interest in the partnerships to community property.

Appellant further argues that the agreement contains conflicting provisions which cannot constitute an express declaration, as required by section 852(a).  Doc # 9 at 5.  While paragraph one of the agreement states the parties' intention to change any joint property to community property, paragraph two

states: "We declare that any property, or interest in property,
owned by either of us * * * and that is registered or otherwise
held in either of our names alone or that is designated as separate
property under our Trust is the separate property of that spouse."
Doc #12, ER 2 at 8.  Also, appellant contends that because
paragraph three states that the purpose of the agreement is to
determine the character of the described property "upon the death
of either of us," the agreement is not effective upon the
dissolution of the marriage.  Doc #9 at 5.

Appellant's arguments are unavailing.  While the
amendment does provide that property transferred to the trust will
retain its character as community or separate property, appellant
ignores the effect of the agreement.  While the assignment itself
is not sufficient to transmute the partnership interests, the
agreement executed on the same day as the assignment effected the
transmutation to community property.  The agreement expressly
states that property held in the marital trust is community
property and that any such joint or community property is changed
in character to community property if it was not already so titled.
Doc #12, ER 2 at 8.

The other provisions of the agreement do not conflict
with the transmutation.  The second paragraph dealt with
separately-acquired property and property designated as separate
under the marital trust.  Id.  The partnership interests were not
designated as separate property; on the contrary, they were listed
in Exhibit A to the amendment as "community property."  Doc #12, ER
2 at 30.

\\

**United States District Court**
For the Northern District of California

1    Appellant's contention that the agreement is only

2  effective upon the death of either of the parties also fails.  That

3  reading would render the agreement without effect.  A more

4  reasonable reading of the provision is that the agreement

5  effectively transmutes the property as of the day that it was

6  executed; in the event of the death of either party, his or her

7  property would then be determined according to the effect of the

8  agreement.

9    The court agrees with the bankruptcy judge's

10  determination that the agreement, coupled with the assignment,

11  effectively transmuted the property into community property.

12

13                                IV

14    Next, the court turns to appellant's late-raised argument

15  that he should be given the benefit of a presumption that he was

16  subject to his wife's undue influence in executing the marital

17  documents.  Doc #9 at 6.  Appellant claims that he was not given

18  the opportunity to address the affirmative defense in the

19  bankruptcy court proceedings because the court entered judgment on

20  appellee's motion for summary judgment.  Id.  Appellant seeks

21  reversal of the bankruptcy court's entry of summary judgment in

22  appellee's favor and a remand for further hearing on the undue

23  influence issue.  Id at 7.

24

25                                A

26    A reviewing court will not "ordinarily consider

27  arguments advanced for the first time on appeal."  <u>In re Hansen</u>,

28  368 BR 868, 880 (9th Cir BAP 2007) (citing <u>Stewart v US Bancorp</u>,

United States District Court
For the Northern District of California

297 F3d 953, 957 n1 (9th Cir 2002).  Although appellate courts have the discretion to consider issues not first raised at trial, there is no obligation that they do so.  <u>In re Roberts</u>, 331 BR 876, 881 (9th Cir BAP 2005).  A defense ordinarily is lost if it is not included in the answer or amended answer.  Id (citing <u>Kontrick v Ryan</u>, 540 US 443, 446 (2004).

There are three circumstances in which a court will consider an issue raised for the first time on appeal: "(1) in an "exceptional" case when review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process, (2) when a new issue arises while appeal is pending because of a change in law, or (3) when the issue is purely one of law and the necessary facts are fully developed."  <u>Romain v Shear</u>, 799 F2d 1416, 1419 (9th Cir 1986) (citing <u>Bolker v Commissioner</u>, 760 F2d 1039, 1042 (9th Cir 1985).  None of these circumstances is present here.

B

Appellant, who was represented by counsel throughout the bankruptcy proceeding, has offered no explanation for his failure to raise the issue of undue influence in his answer to the complaint or in his opposition to appellee's summary judgment motion.  Appellant's contention that the bankruptcy judge's entry of summary judgment deprived him of the opportunity to raise this affirmative defense is therefore perplexing.

Appellant, moreover, seeks at the eleventh hour the benefit of a presumption of undue influence, but makes strikingly meager allegations to support it.  There are two requirements for a

United States District Court
For the Northern District of California

presumption of undue influence to apply: (1) an interspousal transaction under which (2) one spouse obtains an advantage over the other.  <u>In re Marriage of Matthews</u>, 133 Cal App 4th 624, 629 (4th Dist 2005).  This presumption is implicit in California Family Code section 721(b), which requires that the rules governing fiduciary relationships apply to transactions between spouses.  Id at 628-29.

Here, appellant baldly asserts that the execution of the marital documents constituted a "transaction" and that appellee gained an "advantage," but offers no specifics to support these assertions.  Appellant fails to identify what in or about the marital documents effected a transaction, and does not explain how appellee gained an advantage over him.

Appellant cites <u>In re Marriage of Matthews</u> to support his undue influence claim, but Matthews is inapposite.  Mathhews had to do with one spouse executing a quitclaim deed to property bought jointly.  Id at 627.  The execution of the quitclaim deed by the spouse was unquestionably a "transaction" and the "advantage" was that the other spouse thereafter held sole title to the property.  Id at 632.  Here, appellant fails to make a parallel showing of the elements necessary for the undue influence presumption.

There is no basis for this court to consider the undue influence issue in connection with this appeal.

\\

\\

\\

\\

\\

10

1    \ \

2                                              V

3            For the foregoing reasons, appellee's motion to augment

4    the record (Doc #10) is GRANTED.  The bankruptcy court's order

5    granting summary judgment in favor of appellee is AFFIRMED.  The

6    clerk is directed to close the file.

7

8

9            IT IS SO ORDERED.

10

11                            _____

12                            VAUGHN R WALKER
                              United States District Chief Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California